# UNITED STATES DISTRICT COURT

Eastern District of Oklahoma

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br><br>**BRIAN LEE HEROLD**<br>a/k/a Brian Snow<br>a/k/a Jeremy Lovejoy<br>a/k/a Jeremy Herold | **Judgment in a Criminal Case**<br>(for **Revocation** of Probation of Supervised Release)<br><br>Case No. CR-10-00073-001-RAW<br>USM No. 73075-065<br><br>Stephen J. Knorr<br>Defendant's Attorney |

**THE DEFENDANT:**

■ admitted guilt to violation of mandatory condition of the term of supervision.

☐ was found in violation of condition(s) _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| Mandatory Condition | The defendant must report to the probation office in the district to which he is released within 72 hours of release from the custody of BOP. | 03/08/2012 |
| Special Condition #1 | The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. | 03/08/2012 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.: 5819

Defendant's Year of Birth: 1983

City and State of Defendant's Residence:
Tahlequah, OK

May 24, 2012
Date of Imposition of Judgment

Ronald A. White
United States District Judge
Eastern District of Oklahoma

May 31, 2012
Date

DEFENDANT: BRIAN LEE HEROLD, a/k/a Brian Snow, a/k/a Jeremy Lovejoy, a/k/a Jeremy Herold
CASE NUMBER: CR-10-00073-001-RAW

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of: __10 MONTHS.__

■ The court makes the following recommendations to the Bureau of Prisons:
*The court recommends that the Bureau of Prisons evaluate and determine if the defendant should be given credit toward this sentence for any time previously served in custody and further award the defendant credit for such time served in accordance with Bureau of Prisons policy.*

■ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ a _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: BRIAN LEE HEROLD, a/k/a Brian Snow, a/k/a Jeremy Lovejoy, a/k/a Jeremy Herold
CASE NUMBER: CR-10-00073-001-RAW

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : 60 MONTHS.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

■ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if

■ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

■ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, BOP, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.

2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.

3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4) The defendant shall support his or her dependents and meet other family responsibilities.

5) The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.

6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer.

11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14) The defendant shall submit to urinalysis testing as directed by the Probation Office.

DEFENDANT:       BRIAN LEE HEROLD, a/k/a Brian Snow, a/k/a Jeremy Lovejoy, a/k/a Jeremy Herold
CASE NUMBER:     CR-10-00073-001-RAW

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall register as a sex offender in the state in which he resides and keep such registration current in the jurisdiction in which he resides, works, or attends school.

2. The defendant shall participate in a program approved by the U. S. Probation Officer for the treatment and monitoring of sex offenders and remain in the treatment program until successfully discharged from the program by the treatment provider and the U. S. Probation Officer. The defendant shall abide by all program rules, requirements, and conditions of the sex offender treatment program, including submission to polygraph testing, at the defendant's own expense, to determine if the defendant is in compliance with the conditions of release.

3. The defendant shall submit to a search conducted by a United States Probation Officer of the defendant's person, residence, vehicle, office and/or business at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of probation. Failure to submit to a search may be grounds for revocation. The defendant shall not reside at any location without having first advised other residents that the premises may be subject to searches pursuant to this condition. Additionally, the defendant shall obtain written verification from other residents that said residents acknowledge the existence of this condition and that their failure to cooperate could result in revocation. This acknowledgment shall be provided to the U.S. Probation Office immediately upon taking residency.

4. The defendant shall have no contact with children under the age of 18, and shall not go to parks, malls, schools, or other places where children congregate without the permission of the U.S. Probation Office.

5. The defendant shall participate in a program approved by the United States Probation Office for the treatment of narcotic addiction, drug dependency, or alcohol dependency and for mental evaluation and treatment, which will include testing to determine if he has reverted to the use of drugs or alcohol. If it is determined by the Probation Officer that the defendant is in need of a residential drug/alcohol or mental health treatment program, he shall participate in such treatment as directed by the Probation Officer and remain in the treatment facility until successfully discharged.

DEFENDANT: BRIAN LEE HEROLD, a/k/a Brian Snow, a/k/a Jeremy Lovejoy, a/k/a Jeremy Herold
CASE NUMBER: CR-10-00073-001-RAW

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| **TOTALS** | $ | $ |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution or a fine more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.

☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: BRIAN LEE HEROLD, a/k/a Brian Snow, a/k/a Jeremy Lovejoy, a/k/a Jeremy Herold
CASE NUMBER: CR-10-00073-001-RAW

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below); or

**B** ☒ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☒ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay.

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

A special assessment of $100.00, which represents the balance ordered in the original Judgment, is due immediately and is to be made payable to the U.S. Court Clerk for the Eastern District of Oklahoma, P.O. Box 607, Muskogee, OK 74402.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.